**Ellen MARTINEZ, Plaintiff,**

v.

**Margaret M. HECKLER, Secretary of the Department of Health and Human Services, Defendant.**

**No. CV 83–5224.**

United States District Court, E.D. New York.

Jan. 22, 1986.

Klein, Wagner & Morris, New York City, for plaintiff.

Raymond J. Dearie, U.S. Atty. by Reuben S. Koolyk, Asst. U.S. Atty., Brooklyn, N.Y., for defendant.

## MEMORANDUM AND ORDER

WEXLER, District Judge.

Plaintiff Ellen Martinez brings this action under Section 205(g) of the Social Security Act (Act), as amended, 42 U.S.C. § 405(g), for review of a final determination by the Secretary of Health and Human Services (Secretary) that denied plaintiff's application for a period of disability and disability insurance benefits. Mrs. Martinez filed an application for benefits, which was denied initially and on reconsideration. She then requested a hearing, which was held on May 2, 1983. The Administrative Law Judge (ALJ) issued an opinion on August 26, 1983 holding that plaintiff was not disabled. This decision became the final decision of the Secretary when approved by the Appeals Council on October 19, 1983. It is from this decision that the plaintiff appeals to this Court. The parties now cross-move for judgment

on the pleadings pursuant to Rule 12(c), Fed.R.Civ.P.

## I.

Mrs. Martinez, now forty-seven years old, has three years of college education. Until April 20, 1981, plaintiff had been employed for eight years as a customer service representative for Con Edison. On that day she was caught between two closing elevator doors and suffered a concussion and the injuries to her back and shoulder and neck on which she bases her claim of disability. Since then she has worked for one day on May 5, 1981 and for one month from June 24 to July 24, 1981. On July 26, 1981 plaintiff was hospitalized for three weeks suffering from lower back and neck pain, severe headaches, weakness and dizziness.

At her hearing before the ALJ, Mrs. Martinez testified that she cannot dress herself, clean her house or wash dishes, and that her relatives and friends must help her with everyday chores. Further, she testified that she is in continuous pain, experiences weakness in her left hand and shoulder, has to sleep in traction, sit in traction for her neck four times a day, and can no longer socialize. Mrs. Martinez stated that she cannot stand for fifteen minutes and can only sit for five or ten minutes at a time because of pain. She uses a cane to walk and wears a neck brace.

Dr. Frank Folk, the plaintiff's treating physician, opined that plaintiff is totally disabled and cannot engage in any gainful employment. This opinion, formulated after three years of examinations and treatment of plaintiff, was supported by a diagnosis of cervical and lumbar radiculitis based on such findings from physical examinations as marked decrease in spinal motion, paravertebral muscular spasms, and tenderness in the lower cervical area. Objective evidence from x-rays, CAT scans, and bone scans showed a narrowing of several cervical and lumbar vertebral interspaces, a non-acute compression fracture at C6, degenerative cervical changes, posterior herniation of the L4, L5 disc, anterior herniation of the L5, S1 disc, loss of normal cervical curvature, and minimal thoracic scoliosis. Finally, Dr. Folk evaluated plaintiff's ability to sit, stand, and walk at one hour each in the course of an eight hour day. He prescribed Talwin, which is both potent and a narcotic, and at least five other drugs, all typically used to relieve mild to moderate pain.

Dr. Harvey Manas examined Mrs. Martinez once in June 1983. His diagnosis was chronic cervical and lumbar sprain, cervical arthritis and a possible herniated disc, as evidenced by a CAT scan. Notably, he posited that while there were "objective findings" plaintiff "is somewhat of an hysterical person and has a large functional overlay added to her objective findings" (Exhibit 22). In particular, Dr. Manas was asked to complete a residual functional capacity form with a notation that the ALJ wanted to know if claimant was a "molingerer" [sic] (Tr. 151). He was asked to check off those functions where claimant's capacity was limited. Dr. Manas indicated that bending, lifting, and carrying were limited.

Dr. Kenneth Cerny, a neurologist, examined Mrs. Martinez once in December 1982. His report suggests that he did not find her completely cooperative. He found no neurologic deficit. Although he notes some objective findings he suggests that some of her responses are overly dramatic and indicative of hysteria. Dr. Cerny concludes that certain responses "suggest that this patient has complaints which are not secondary to bonifide [sic] anatomic pathology" (Exhibit 16).

Dr. Arthur Meisel, a specialist in neurology and psychiatry, examined Mrs. Martinez in April 1983. He found her cooperative and responsive, but presenting "an overall appearance of invalidism." He further noted back spasms and pain and plaintiff's inability to push and pull, and do fine manipulations with her hands. Dr. Meisel's concluding diagnosis was: "Psychogenic pain response. This is completely involuntary and totally disabling" (Exhibit 17).

**250**

The ALJ determined that the plaintiff has a severe impairment of the lower back and cervical spine that does not meet the Listings. Moreover, he found that plaintiff retained the residual functional capacity to sit for seven hours, stand and walk for two hours each, and do the bending and reaching required in her former work. The only residual functional capacity he found she lacked was the ability to do a great deal of bending and kneeling. Accordingly, the ALJ concluded that plaintiff could return to her past relevant work as a customer service representative.

The ALJ did not find the plaintiff's complaints of pain credible or persuasive, and he characterized her medication as not significant analgesics. He discounted objective medical findings of disc herniation, muscle spasms, and restricted movement. In particular he relied on the reports of the two consulting physicians, Doctors Manas and Cerny. The ALJ did not discuss at any length the opinion of the treating physician, Dr. Folk, or the objective findings of the two radiologists, Doctors Dinhofer and Wexler. (Tr. 128, 144). In addition, the ALJ found the fact that plaintiff has not received any relief from her pain from medical treatment an indicator that her pain is not real. He also stated that he could not observe any evidence of pain in her movement during the administrative hearing.

Although the ALJ did not address it directly at any length, underlying his evaluation of Mrs. Martinez's disability is the assessment, suggested by the two consulting physicians, that she is an hysteric and her illness not real, her testimony not credible, and her symptoms unreliable. Implicitly, the ALJ construes this as malingering.

## II.

The Secretary's determination that plaintiff can perform her past relevant work is conclusive if supported by substantial evidence on the record as a whole. Substantial evidence means "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401, 91 S.Ct. 1420, 1427, 28 L.Ed.2d 842 (1971). Nevertheless, the expert opinion of a treating physician on the subject of disability is binding on the Secretary unless substantial evidence to the contrary is presented. *Eiden v. Secretary of Health, Education and Welfare*, 616 F.2d 63, 64 (2d Cir.1980). In this instance the treating physician of long standing, Dr. Folk, assesses claimant's residual functional capacity to sit as one hour out of an eight hour day. In contrast, Dr. Manas states plaintiff can sit for at least six hours out of an eight hour day. While the expert opinion of a treating physician is binding on the Secretary unless it is substantially contradicted, *Bluvband v. Heckler*, 730 F.2d 886, 894–95 (2d Cir.1984), the opinion of a physician based on a one-time examination is entitled to but limited weight, *id.* at 893–94. The ALJ's assessment that plaintiff is capable of a full seven hours of sitting out of an eight hour day apparently relies solely on Dr. Manas' evaluation and the description of claimant's past employment.

The Court is struck by the fact that the Social Security Administration's consulting physicians in this case repeatedly find plaintiff limited in her capacity to stand, walk, lift, carry, bend, crawl, kneel, push and pull, and find evidence of back disease, and yet never find a limit on plaintiff's ability to sit. (Tr. 112, 151–52). Dr. Manas, in fact, checks contradictory assessments, stating plaintiff can both frequently lift and carry 10 lbs. and can only occasionally lift and carry less than 10 lbs. (Tr. 112). His evaluation of the plaintiff is internally inconsistent and conflicting. Under the circumstances, Dr. Manas' opinion does not constitute substantial contradiction to the treating physician's opinion. The remaining consulting physicians did not complete residual functional capacity assessment charts. Dr. Meisel, in his narrative report, indicates Mrs. Martinez is disabled, Dr. Cerny seems skeptical. This does not provide substantial contradiction to the opinion of the treating physician.

In addition, Mrs. Martinez complains of debilitating pain for which she uses medication, a whirlpool, and traction to obtain relief. Where plaintiff's complaint of subjective pain is supported by such objective evidence as narrowing of vertebral spaces, muscle spasms, compression fracture, and herniated discs, it is entitled to great weight. *Rivera v. Schweiker*, 717 F.2d 719, 725 (2d Cir.1983). Mrs. Martinez complains of intractable pain that impairs her ability to sit, stand, and walk for any substantial continuous period. The ALJ erroneously discredits and discounts her claims of severe pain. *McLaughlin v. Secretary of Health, Education and Welfare*, 612 F.2d 701, 705 (2d Cir.1980). Even hysterics can suffer severe pain of purely physical origin. While the Court finds substantial support in the record for the ALJ's conclusion that plaintiff's claim of inability to walk or stand normally for short periods is exaggerated, there is no evidence on the record to support the conclusion that plaintiff exaggerates her disability as it affects her ability to perform sedentary work. Every effort should be made to separate a claimant's personality, however unsympathetic, from the evaluation of her physical impairments. Admittedly, this is difficult, particularly where the claimant tends to overreact. Where the record, as here, shows an event of serious injury with objective evidence of chronic ailments of narrowed vertebral spaces, herniated discs, muscle spasms, degenerative disease, radiculitis, decreased motion, a compression fracture, and arthritis, a claim of disability cannot be written off as baseless and hysterical. Finally, the ALJ erred by relying heavily on his own observations of plaintiff in determining her credibility and level of pain. *Carroll v. Secretary of Health and Human Services*, 705 F.2d 638, 643 (2d Cir.1983); *Aubeuf v. Schweiker*, 649 F.2d 107, 113, 117 (2d Cir.1981).

There is no support on the record for the ALJ's determination that plaintiff can sit for the time periods required for sedentary work or her past employment. Mrs. Martinez's claims of severe pain are supported by objective medical evidence. The opinion of a consulting physician on which the ALJ relies is inconsistent with the medical evidence and his assessment of her overall physical capabilities. It does not outweigh the expert opinion of plaintiff's treating physician that she is disabled and unable to do more than an hour of sitting in an eight hour day.

### III.

The Court concludes that the Secretary's determination that plaintiff can perform sedentary work, and particularly can perform her past employment which was sedentary, is not supported by substantial evidence on the record.

Accordingly, judgment on the pleadings is granted in favor of the plaintiff. Rule 12(c), Fed.R.Civ.P. The Clerk of the Court is hereby directed to enter judgment in favor of the plaintiff, reversing the Secretary's decision and awarding benefits for a period commencing July 26, 1981.

SO ORDERED.